Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9408 | DATE | 11/15/2004 |
| CASE TITLE | Helzing vs. Loyola Univeristy of Chicago | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's bill of costs is granted in part and denied in part. The Court awards Defendant costs in the amount of $6,371.70.

(11) ■ [For further detail see

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 6 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 62 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | U.S. DISTRICT COURT  2004 NOV 15 PM 4:43  FILED  Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM HELZING, )
)
 Plaintiff, )
) No. 02 C 9408
 v. )
)
LOYOLA UNIVERSITY OF CHICAGO )
)
 Defendant. )

DOCKETED
NOV 1 6 2004

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 13, 2004, the Court granted summary judgment in favor of Defendant Loyola University of Chicago. Defendant proceeded to file a Bill of Costs seeking $7,958.92. Specifically, Defendant seeks: 1) $6,458.09 for court reporting and transcription; 2) $1,296.83 for exemplification and photocopying; and 3) $204.00 for computerized legal research. Plaintiff objects and asks the Court to deny the entire Bill of Costs or, in the alternative, to reduce the Bill of Costs to $6,364.06.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Recoverable costs include: 1) clerk and marshal fees; 2) fees for necessary transcripts obtained for use in the case; 3) witness fees and expenses; 4) fees for copies of papers necessarily obtained for use in the case; 5) docket fees; and 6) compensation for court-appointed experts and interpreters. *See* 28 U.S.C. § 1920; *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). There is a strong presumption in favor of awarding costs to the prevailing party under Rule 54(d). *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). This presumption is difficult to overcome, and the Court's discretion is narrowly

confined – it must award costs unless it establishes good reasons for denying them. *Weeks*, 126 F.3d at 945. The Court may tax costs against the non-prevailing party when the cost imposed is recoverable and the amount assessed is reasonable. *Majeske*, 218 F.3d at 824.

## ANALYSIS

### I. Costs Are Appropriate

Generally, courts may deny costs for two reasons: 1) the prevailing party engaged in misconduct worthy of a penalty; or 2) the losing party is unable to pay. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Plaintiff argues that he is unable to pay costs because of a substantial loss of money and indebtedness due to a series of tragic events. Defendant argues that a claim of financial difficulty is insufficient to warrant a court's denial of costs.

To overcome the presumption that costs are to be awarded to the prevailing party, the losing party must demonstrate that he is indigent. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994); *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). It is not enough that the losing party shows that he has limited financial resources. *Burroughs v. Hills*, 741 F.2d 1525, 1533 (7th Cir. 1984); *Washington v. Village of Riverside Illinois*, No. 01 C 7438, 2003 WL 21789000, at *2 (N.D. Ill Aug. 4, 2003). "It is unfortunate that the costs may be large and the losing [party] may be hard-pressed to pay them, but we cannot find in those circumstances a good basis for denying costs . . . under Rule 54(d) . . . ." *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 491 (7th Cir. 1982). Further, the losing party must establish that not only is he presently unable to pay costs, but also that he will likely be unable to pay costs in the future. *McGill*, 18 F.3d at 459.

2

Plaintiff testifies that several tragic accidents have depleted his savings and left him deeply indebted, which, combined, make him unable to pay the costs. Specifically, he asserts that he has no savings, no money in checking, no investments, stocks, or bonds, $15,000 in an IRA, and $3,500 in his wife's IRA. Additionally, he states that he owes more than $37,000 in personal loans, more than $37,000 in credit card debt, $12,000 on a car loan, and will incur substantial medical bills in the future. Plaintiff estimates that his monthly living expenses are more than $7,000. Even considering all of these expenses, Plaintiff is not indigent. Plaintiff's and his wife's combined monthly take home pay equals approximately $9,000, more than enough to cover the estimated monthly living expenses. Further, Plaintiff owns a home valued around $360,000, with nearly $100,000 in equity. While the Court sympathizes with Plaintiff regarding his recent tragedies, the Court cannot determine that Plaintiff is indigent. Accordingly, Defendant is entitled to an award of recoverable costs.

## II. Specific Costs Recoverable Under The Statute

### A. Court Reporting and Transcript Fees

Defendant seeks a total of $6,458.09 in court reporting and transcript fees. Plaintiff argues that Defendant may not recover costs computed at rates set above those established by the Judicial Conference of the United States. Plaintiff also asserts that Defendant is not entitled to delivery charges or costs associated with their request for a transcript of a pretrial hearing. Finally, Plaintiff argues that a copy rate of $0.30 a page is unreasonable.

#### 1. Court Reporter Fees

Local Rule 54.1(b) of the Northern District Court of Illinois mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed

3

unless some other rate was previously provided by order of court." At the time of Defendant's depositions, the established Judicial Conference rates for this district were: $3.30 per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for a copy of a transcript to each party, and $0.55 per page for each additional copy to the same party. *See* General Order, United States District Court, Northern District of Illinois http://10.205.15.104/CLERKS_OFFICE/CrtReporter/tfee0203.pdf (Feb. 28, 2003).

Defendant acknowledges that rates for nine out of ten deposition transcripts exceed the established rate of $3.30 per page, but argues that it is entitled to costs at the excess rate because Plaintiff's attorney selected the court reporters for these depositions. Defendant asserts that it should not be penalized for being forced to pay an amount over the Judicial Conference per page rate when it had no control over selecting the court reporter or negotiating a rate within the established limit. Defendant urges the Court to use its discretion and allow it to recover its costs at a rate in excess of the Judicial Conference's established limit. Local Rule 54.1 states the Court "*shall not exceed*" the rate established by the Judicial Conference of the United States. (emphasis added). The Court, therefore, will reduce Defendant's costs in accordance with the Judicial Conference rates. *See also Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1084-85 (N.D. Ill. 2002) (stating it was not persuaded by the defendants' argument that they should receive costs at higher rates because the plaintiffs selected the court reporter). Accordingly, Defendant is entitled to $5,717.97 for court reporting costs.

### 2. Delivery and Copying Costs

In addition to court reporting fees, Defendant seeks costs amounting to $99.49 for the delivery of the transcripts and $20.10 for the photocopying of exhibits. Plaintiff contends that delivery charges are generally considered ordinary business expenses and should not be

4

recoverable in a bill for costs unless Defendant provides an explanation for why the delivery charges should be included. Plaintiff also argues that the photocopy rate is unreasonable and should be reduced to $0.10 per page.

The Court has the discretion to award costs "incidental" to the taking of depositions, including per diem and delivery charges by the court reporter. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Under the Judicial Conference guidelines, however, postage or other delivery costs are considered ordinary business expenses, and as such cannot be recovered. VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS' MANUAL, Ch. 20, pt. 20.9.4; *Vigortone Ag Products, Inc. v. PM Ag Products Inc.*, No. 99 C 7049, 2004 WL 1899882, at *7 (N.D. Ill Aug. 12, 2004); *Solon v. Kaplan*, No. 00 C 2888, 2004 WL 1672909, at *2 (N.D. Ill July 23, 2004); *Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, at *5 (N.D. Ill. Dec.23, 2003). Accordingly, the Court does not award Defendant the $99.49 in transcript delivery charges.

Plaintiff does not object to an award of costs for the photocopying of exhibits, but rather challenges the $0.30 per page rate sought by Defendant. District courts in this region have held copy rates between $0.10 and $0.20 per page to be reasonable. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill 2003). A $0.30 per page copy rate is well out of the range of reasonable rates. Consequently, the Court exercises its discretion to reduce the recoverable per page rate to $0.10 per page given Plaintiff's difficult circumstances and awards Defendant $6.70 in costs for copying deposition exhibits.

### 3. Pretrial Hearing Transcript Cost

Defendant seeks $39.60 for a transcript of a August 28, 2003 pretrial hearing. Plaintiff argues that Defendant is not entitled to recover this cost because Defendant has not provided an explanation as to why it was necessary to obtain the transcript and because Defendant could have filed the motion as part of its motions in limine if its motion for summary judgment was denied.

The costs of transcripts of pretrial proceedings are taxable as costs under Rule 54(d). *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 944 n.9 (7th Cir. 1988). In determining whether such costs are recoverable, the Court must consider whether it was reasonably necessary for the prevailing party to obtain them. *Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882, at *10 (N.D. Ill Aug. 12, 2004). Defendant argues that the transcript was necessary to limit the issue of whether Plaintiff's treating physicians could render expert opinions on causation. A transcript "need not be absolutely indispensable" to justify an award of costs. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Accordingly, Defendant is entitled to $39.60 in costs for the transcript of the August 28, 2003 pretrial hearing.

**B.     Exemplification And Copying Fees**

Defendant seeks a total of $1,246.83 in copying costs. Plaintiff objects to this award on the grounds that the per page rate is unreasonable. Plaintiff also argues that the Defendant's request is vague and includes no description of the documents, making it impossible to determine if these documents were necessarily obtained for use in the case.

28 U.S.C. § 1920, which defines the term "costs" as used in Rule 54(d), authorizes "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987). Photocopying charges made only for the convenience of the attorney are not recoverable. *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill 2003).

In proving that copies were necessarily obtained for use in the case, a party is required to provide "the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Defendant's Bill of Costs specifies that the documents copied were case files regarding discrimination complaints filed by other employees against Defendant. Plaintiff requested these documents, and Defendant produced them pursuant to the Court's August 28, 2003 ruling on Plaintiff's motion to compel. Defendant's Reply To Plaintiff's Response To Defendant's Bill Of Costs includes documentation regarding specifically what documents were copied. (R. 60-1, Def.'s Reply, Ex. B, Def's Third Supp. Resp To Pl.'s Request For Prod. of Docs.) The Court finds that these documents were necessarily obtained for use in the case.

Defendant's supporting documentation for its Bill of Costs indicates that 6,394 pages were copied for a total of $1,246.83, resulting in a per page rate of $0.195. Defendant does not indicate how many copies of these documents were made, but it appears from the invoice that whatever copies were made, were sent by messenger directly to Plaintiff. Plaintiff has not complained about the number of copies it received, so the Court will infer that the number of copies made was reasonable. The copy rate of $0.195 per page is within the reasonable rate range of $0.10 to $0.20. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill 2003). In light of Plaintiff's difficult circumstances, however, the Court will exercise its discretion and reduce the recoverable copy rate to $0.10. Accordingly, Defendant may recover $639.40 in photocopying fees. Defendant may not, however, recover the $50.00 messenger fee because, as discussed above, delivery costs are considered ordinary business expenses, and as such cannot be recovered. VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE

TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS' MANUAL, Ch. 20, pt. 20.9.4.

### C. Computerized Legal Research

Plaintiff objects to the $204.00 that Defendant seeks for computerized legal research. Plaintiff argues that computerized legal research charges are not recoverable as costs because they are analogous to attorneys' fees. Plaintiff is correct. "Computer research charges are considered a form of attorneys' fees." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 (7th Cir. 2000); *see also Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, at *8-9 (N.D. Ill. Dec. 23, 2003) (stating computerized legal research charges may be recovered as attorneys' fees but not as "costs"); *but see also Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92 C 0356, 1995 WL 769782, at *10 (N.D. Ill Dec. 29, 1995) (awarding computerized legal research expenses). Consequently, Defendant may not recover the $204.00 in Westlaw charges.

### CONCLUSION

Accordingly, Defendant's Bill of Costs is granted in part and denied in part. Defendant is entitled to recover $6371.70 in costs.

Dated: November 15, 2004            ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge